UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


CASE NO.:

JIBRAEL HINDI,

     Plaintiff,

v.

PRINCE-PARKER & ASSOCIATES, INC,

     Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

     Plaintiff JIBRAEL HINDI ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant PRINCE-PARKER & ASSOCIATES, INC ("Defendant"), to wit, for Defendant's violations of 15 U.S.C §1692, the Fair Debt Collection Practices Act, and Florida Statute §559.551, the Florida Consumer Collection Practices Act, and in support thereof, Plaintiff states the following:

**NATURE OF ACTION**

**I.    THE FAIR DEBT COLLECTION PRACTICES ACT**

     1.    The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure [sic] that debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e).

2.      In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. §1692(b).

3.      The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collection and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4.      Section 1692d of the FDCPA prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The six subsections of §1692d set forth a non-exhaustive list of practices that fall within this ban. 15 U.S.C. §1692d.

5.      Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to:

> (2) The false representation of [] (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation

which may be lawfully received by any debt collector for the collection of a debt.

…

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §1692e.

6.      Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) ("[a]n act or practice is deceptive or unfair if it has the tendency or capacity to deceive."). The eight subsections of §1692f set forth a non-exhaustive list of practices that fall within this ban.

7.      Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. The rights and obligations established by section 1692g were considered by the Senate to be a "significant feature" of the Act. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4. In particular, §1692g mandates, inter alia, that:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt,

or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §1692g.

10.     Furthermore, important to the case at bar, §1692g(b) states that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

## II.     THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

11.     The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). In 1993, the FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and prohibitions of the FDCPA. See Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA. Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted)).

12.     Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly

prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

13.     The FCCPA governs the collection of debts with more scrutiny and specificity than that of the FDCPA, whereby, in its totality, not only does the FCCPA codify additional conduct as explicitly unlawful – but most critically – the FCCPA applies to individuals and/or entities not otherwise regulated by the FDCPA. *See* In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010) ("[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to *any persons collecting a consumer debt*." (emphasis added)); *See, e.g.*, Heard v. Mathis, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend."); Schauer v. General Motors Acceptance Corp.*,* 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002) (creditors are not exempt from FCCPA liability, whether it be direct or vicarious).

14.     As set forth in more detail below, Defendant violated the aforementioned portions the FDCPA and FCCPA. Plaintiff now seeks damages and/or injunctive relief for the same.

## JURISDICTION AND VENUE

15.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

16.     Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. §1367.

17.     Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

18.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

19.     Defendant is a North Carolina corporation, with its principal place of business located in Charlotte, North Carolina.

20.     Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

21.     At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

22.     At all times material hereto, Defendant has been a corporation subject to the FCCPA. *See*, *e.g.,* Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. §1.01(3)).

## FACTUAL ALLEGATIONS

23.     The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes. In particular, the Consumer Debt represents an allegedly outstanding amount Plaintiff owes the creditor, Kenneth H. Farrell MD PA (the "Creditor"), for the Creditor's provision of medical services.

24.     The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. §559.55(6).

25.     Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

26.     Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. §559.55(7).

27.     On a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

28.     On January 31, 2018 Defendant called Plaintiff to attempt to collect the Consumer Debt. During this call between Plaintiff and Defendant, Plaintiff attempted to dispute the Consumer Debt since Plaintiff was, during that time, challenging the validity of the debt with his healthcare insurance provider.

29.     During the call Defendant, Plaintiff made an unequivocal request to dispute the Consumer Debt as permitted by law under §1692g of the FDCPA  However, Defendant's agent advised Plaintiff that "we (Defendant) do not handle disputes here" and that Plaintiff "would have to contact [the Creditor's] office" to dispute the Consumer Debt and that "any disputes would have to be made with [the Creditor]."

30.     As will be discussed below, Defendant violated numerous provisions of the FDCPA by falsely misleading Plaintiff when it falsely distorted and misrepresented Plaintiff's legal right to dispute the Consumer Debt.

## VIOLATION OF THE FDCPA AND FCCPA

*I.*     *RELATIONSHIP BETWEEN THE FDCPA & FCCPA*

31.     In Florida, consumer debt collection practices are regulated by both the FCCPA and the FDCPA. "Both acts generally apply to the same types of conduct, and Florida courts must give great weight to federal interpretations of the FDCPA when interpreting and applying the FDCPA." Read v. MFP, Inc., 85 So.3d 1151, 1153 (Fla. 2nd DCA 2012). "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." (internal quotations omitted). Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006). Congress was concerned that "[a]busive debt collection practices

contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Id. at 453 (quoting 15 U.S.C. §1692(a). Because the FDCPA is a remedial statute, "we construe its language broadly, as to affect its purpose." Id. The FDCPA restricts the time and places a debt collector may contact a consumer and limits third party contacts. These restrictions, along with others, protect the consumer's right to privacy and the security of the consumer's relationship with third parties, including attorneys, co-workers, and employers. This was considered an "extremely important protection." S. Rep. No. 382, 95th Cong., 1st Sess. 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.

32.     Notably, "[t]he FDCPA establishes a strict liability standard; a consumer need not show an intentional violation of the Act by a debt collector to be entitled to damages." Drossin v. Nat'l Action Fin. Servs., 641 F.Supp.2d 1314 (S.D. Fla. 2009). "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." Id. at 1316. Similarly, the FCCPA "is to be construed in a manner that is protective of the consumer." Laughlin v. Household Bank, LTD., 969 So.2d 509, 513 (Fla. 1st DCA 2007). In fact, the FCCPA "further defined and protected an individual's right of privacy" in addition to the protections of the FDCPA. Id. at 512. Importantly, the FCCPA is "in addition to the requirements and regulations of the [FDCPA]. In the event of any inconsistency between any provision of [the FCCPA] and the [FDCPA], the provision which is more protective of the consumer or debtor shall prevail. Fla. Stat. §559.552. Finally, in ultimately asserting a consumer's civil remedies under the FCCPA, "due consideration and great weight shall be given to the interpretations of… federal counts related to the [FDCPA]." Fla. Stat., §559.77(5).

## II.   *THE LEAST SOPHISTICATED CONSUMER STANDARD*

33.     The Eleventh Circuit has adopted the "least sophisticated consumer" standard in reviewing alleged violations of the FDCPA. See <u>Beeders v. Gulf Coast Collection Bureau</u>, 796 F.Supp.2d 1335, 1338; <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985). The purpose of the least-sophisticated consumer standard is to ensure the protection of the gullible as well as the shrewd. *See* <u>LeBlanc v. Unifund CCR Partners</u>, 601 F.3d 1185 (11th Cir. Fla. 2010). "The fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d at 1168.

34.     "Literally, the least sophisticated consumer is not merely 'below average,' he is the very last rung on the sophistication ladder. Stated another way, he is the single most unsophisticated consumer who exists. Even assuming that he would be willing to do so, such a consumer would likely not be able to read a collection notice with care, let alone interpret it in a reasonable fashion." <u>Gammon v. GC Servs.</u>, 27 F.3d 1254, 1257 (7th Cir. 1994) (emphasis added).

35.      "A court applies this objective standard . . . to protect consumers against deceptive debt collection practices and to protect debt collectors from unreasonable constructions of their communications." <u>Green v. Douglas, Knight & Assocs. (In re Cheaves)</u>, 439 B.R. 220 (Bankr. M.D. Fla. 2010).

36.     The least sophisticated consumer standard is similarly applied in determining violations of the FCCPA. *See, e.g.,* <u>Michael v. HOVG, LLC</u>, 2017 WL 129111, at *5 (S.D. Fla. Jan. 10, 2017) (finding that Plaintiff successfully stated a claim for under Fla. Stat. Ann. § 559.72(9) because "the least sophisticated consumer may plausibly believe that the [collection letter] 'threaten[s] to enforce a debt' or 'assert[s] the existence of some other legal right.'"); <u>Bank</u>

v. Schmidt, 124 So. 3d 1039 (Fla. Dist. Ct. App. 2013) (affirming class certification which the lower court premised on least sophisticated consumer standard governing the FCCPA); Green, 439 B.R. 220 (discussing the similar goals of the FCCPA and FDCPA and applying the least-sophisticated consumer standard to determine whether a collection letter violated the FCCPA).

## COUNT I.
## VIOLATION OF THE FDCPA

37.     Plaintiff incorporates by reference paragraphs 23-30 of this Complaint as though fully stated herein.

38.     As a result of Defendant's forgoing FDCPA violations, Plaintiff has suffered actual damages, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

### *VIOLATION OF THE FDCPA – No. 1*

14.     Defendant, through its agent, violated §§ 1692e, 1692f and 1692g of the FDCPA by utilizing false, deceptive, misleading, unfair or unconscionable representations and/or means to collect the Consumer Debt. Furthermore, Defendant, through its agent, misrepresented and overshadowed Plaintiff's dispute rights.

15.      Consumers are given certain protections during the 30-day dispute and validation period. "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C § 1692g(b).

16.     Here, Defendant overshadowed Plaintiff's right to dispute the debt by stating that Plaintiff could not dispute the debt at the time of the call since, as Defendant falsely urges,  disputes could only be made to the Creditor and not to the Defendant debt collector.  Such a statement was false and overshadowed Plaintiff's right to dispute the alleged debt.  By making false statements

regarding Plaintiff's dispute rights, as well as Defendant's agent's refusal to allow Plaintiff to dispute the alleged debt, Defendant violated §§ 1692g, 1692g(a) and 1692g(b) of the FDCPA.

11.     Furthermore, the statements made by Defendant's agent to Plaintiff, as well as their refusal to dispute the alleged debt, also violates § 1692e and § 1692f of the FDCPA as the representations were misleading false, deceptive, unfair and unconscionable.

## COUNT II.
## VIOLATION OF THE FCCPA

67.     Plaintiff incorporates by reference paragraphs 23-30 of this Complaint as though fully stated herein.

68.     As a result of Defendant's forgoing FCCPA violation, Plaintiff has suffered actual damages in addition to statutory damages, attorney's fee and costs.

### *VIOLATION OF THE FCCPA – No. 1*

39.     Defendant, by and through the Collection Letters and Defendant's agent's statements, violated Fla. Stat. § 559.72(9) by asserting the existence of a legal right with knowledge that the right does not exist. *See, e.g., Martin v. Butler & Hosch, P.A.*, 8:14-CV-640-T-24 TBM, 2014 WL 3593622, at *4 (M.D. Fla. July 18, 2014)(finding that misrepresenting a consumer's rights under 15 U.S.C. § 1692g can constitute the assertion of a non-existent legal right in violation of Fla. Stat. § 559.72(9)); *Narvaez v. Specialized Loan Servicing, LLC*, 8:15-CV-19-T-24 TBM, 2015 WL 1810734, at *4 (M.D. Fla. Apr. 20, 2015).

40.     At the time of the call made to Plaintiff by Defendant, Defendant mislead Plaintiff with regards to his dispute rights and in denying his right to dispute the alleged debt, Defendant, through knowledge of the FDCPA's requirements, knew that that statements made to Plaintiff regarding his ability to dispute the debt were false and misleading and were assertions of rights

that do not exist (e.g., the right to deny Plaintiff his ability to dispute the Consumer Debt with

Defendant) in violation of Fla. Stat. § 559.72(9) of the FCCPA.

## DEMAND FOR JURY TRIAL

69.  Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against

Defendant, awarding Plaintiff the following relief:

(a)     Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(b)     Statutory and actual damages, as provided under Fla. Stat. §559.77(2), for the FCCPA violation committed by Defendant in attempting to collect the Consumer Debt from Plaintiff.

(c)     An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d)     Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. §559.77(2); and

(e)     Any other relief that this Court deems appropriate and just under the circumstances.


DATED: March 1, 2018

Respectfully Submitted,


  /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
1451 W. Cypress Creek Road, Suite 300
Fort Lauderdale, Florida 33305
Phone:     954-543-1325
Fax:         954-507-9975