UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  18-60451-CIV-DIMITROULEAS

JIBRAEL HINDI,

    Plaintiff,

vs.

PRINCE-PARKER & ASSOCIATES, INC.

    Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, PRINCE-PARKER & ASSOCIATES, INC., by and through the undersigned counsel, responds to the lawsuit filed by JIBRAEIL HINDI for alleged violations of 15 USC §1692, The Fair Debt Collection Practices Act, and Florida Statute §559.551, the Florida Consumer Collection Practices Act, and in further opposition or defense thereof, Defendant states the following:

## NATURE OF ACTION

### I. THE FAIR DEBT COLLECTION PRACTICES ACT

1. Admitted insofar as the statutes cited are referred to as the Fair Debt Collection Practices Act. As to all other allegations contained therein, this defendant denies same and demand strict proof thereof.

2. Admitted insofar as the statutes cited are referred to as the Fair Debt Collection Practices Act. As to all other allegations contained therein, this defendant denies same and demand strict proof thereof.

3. Admitted insofar as the statutes cited are referred to as the Fair Debt Collection Practices Act. As to all other allegations contained therein, this defendant denies same and demand strict proof thereof.

4. Admitted that the FDCPA prohibits debt collectors from engaging in certain conduct; however, as to all other allegations contained therein, this Defendant denies same and demands strict proof thereof.

5. Admitted that the FDCPA prohibits debt collectors from engaging in certain conduct; however, as to all other allegations contained therein, this Defendant denies same and demands strict proof thereof.

6. Admitted that the FDCPA prohibits debt collectors from engaging in certain conduct; however, as to all other allegations contained therein, this Defendant denies same and demands strict proof thereof.

7. Admitted that the FDCPA prohibits debt collectors from engaging in certain conduct; however, as to all other allegations contained therein, this Defendant denies same and demands strict proof thereof.

10. [sic]  Admitted that the FDCPA prohibits debt collectors from engaging in certain conduct; however, as to all other allegations contained therein, this Defendant denies same and demands strict proof thereof.

## II. THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

11. Admitted insofar as the Florida Collection Practices Act (FCCPA) is Florida's legislation governing the collection practices; however, as to all other allegations contained therein, this Defendant denies same and demands strict proof thereof.

12. Admitted that §559.72 of Florida Stat. contains 19 subsections detailing certain permissible conduct; however, as to all other allegations contained therein, this Defendant denies same and demand strict proof thereof.

13. Admitted that §559.72 of Florida Stat. contains 19 subsections detailing certain permissible conduct; however, as to all other allegations contained therein, this Defendant denies same and demand strict proof thereof.

14. Denied.

## JURISDICTION AND VENUE

15. This jurisdiction and venue are proper in this court.

16. Admitted that supplemental jurisdiction for Florida statutory claims is permissible.

17. Venue is admitted.

## PARTIES

18. The Defendant is without knowledge of the allegations contained in Paragraph 18 of Plaintiff's Complaint for Damages; and as such, denies same and demands strict proof thereof.

19. Admitted.

20. Admitted.

21. This Defendant is without knowledge as to the allegations contained in Paragraph 21 of Plaintiff's Complaint for Damages; and as such, this Defendant denies same and demands strict proof thereof.

22. This Defendant is without knowledge as to the allegations contained in Paragraph 22 of Plaintiff's Complaint for Damages; and as such, this Defendant denies same and demands strict proof thereof.

## FACTUAL ALLEGATIONS

23. This Defendant is without knowledge of the allegations contained in Paragraph 23 of Plaintiff's Complaint for Damages; and as such, denies same and demands strict proof thereof.

24. This Defendant is without knowledge of the allegations contained in Paragraph 24 of Plaintiff's Complaint for Damages; and as such, denies same and demands strict proof thereof.

25. This Defendant is without knowledge of the allegations contained in Paragraph 25 of Plaintiff's Complaint for Damages; and as such, denies same and demands strict proof thereof.

26. This Defendant is without knowledge of the allegations contained in Paragraph 26 of Plaintiff's Complaint for Damages; and as such, denies same and demands strict proof thereof.

27. This Defendant is without knowledge of the allegations contained in Paragraph 27 of Plaintiff's Complaint for Damages; and as such, denies same and demands strict proof thereof.

28. This Defendant is without knowledge of the allegations contained in Paragraph 28 of Plaintiff's Complaint for Damages; and as such, denies same and demands strict proof thereof.

29. This Defendant is without knowledge of the allegations contained in Paragraph 29 of Plaintiff's Complaint for Damages; and as such, denies same and demands strict proof thereof.

30. This Defendant is without knowledge of the allegations contained in Paragraph 29 of Plaintiff's Complaint for Damages; and as such, denies same and demands strict proof thereof.

## VIOLATION OF THE FDCPA AND FCCPA

**I.    RELATIONSHIP BETWEEN THE FDCPA & FCCPA**

31. The Defendant is without knowledge of the allegations contained in Paragraph 31 of Plaintiff's Complaint for Damages; and as such, denies same and demands strict proof thereof.

32. The Defendant is without knowledge of the allegations contained in Paragraph 32 of Plaintiff's Complaint for Damages; and as such, denies same and demands strict proof thereof.

## II.   THE LEAST SOPHISTICATED CONSUMER STANDARD

33. The Defendant is without knowledge of the allegations contained in Paragraph 33 of Plaintiff's Complaint for Damages; and as such, denies same and demands strict proof thereof.

34. The Defendant is without knowledge of the allegations contained in Paragraph 34 of Plaintiff's Complaint for Damages; and as such, denies same and demands strict proof thereof.

35. The Defendant is without knowledge of the allegations contained in Paragraph 35 of Plaintiff's Complaint for Damages; and as such, denies same and demands strict proof thereof.

36. The Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint for Damages; and as such, demands strict proof thereof.

## COUNT I.
## VIOLATION OF THE FDCPA

37. We incorporate our prior responses 23 thru 30.

38. Denied.

### VIOLATION OF THE FDCPA – No. 1

14. [sic]   Denied.

15. [sic]   Denied.

16. [sic]   Denied.

11. [sic]   Denied.

## COUNT II
## VIOLATION OF THE FCCPA

67. [sic]   Defendant realleges prior responses.

68.     [sic]    Denied.

***VIOLATION OF THE FCCPA – No.1***

39.     [sic]    Denied.

40.     [sic]    Denied.

## DEMAND FOR JURY TRIAL

69.     [sic]    Defendant demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Defendant denies the allegations contained in this Paragraph.

## AFFIRMATIVE DEFENSES

1. Defendant asserts that pursuant to Federal Rule of Civil Procedure 12 (b), the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

2. The Plaintiff failed to mitigate actual damages that may have incurred as identified in Plaintiff's Complaint for Damages, if any.

3. If the Defendant committed any error, it is one of bona-fide error. The bona-fide error defense provides an exception to liability insofar as this Defendant acted unintentionally and had in place appropriate procedures reasonably adapted to avoid the error alleged in Plaintiff's Complaint, if any.

4. This Defendant raises the doctrine of unclean hands, insofar as Plaintiff seeks equitable relief or an injunction by way of the instant action.

Dated this 15th day of March, 2018

Respectfully submitted,

 */s/: Ruben .v Chavez*
**RUBEN V. CHAVEZ, ESQ.**
Florida Bar No.: 0148822
Email: rchavez@chavezpa.com

LAW OFFICES OF RUBEN V. CHAVEZ, P.A
10689 North Kendall Drive, Suite 312
Miami, FL 33176
Telephone: (305) 358-0070
Facsimile:   (305) 397-2433
*Attorneys for Defendant Prince-Parker*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed on this 15th day of March, 2018, with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/*

Ruben V. Chavez

## SERVICE LIST

**Attorneys for Plaintiff**
Thomas J. Patti, Esq.
1451 W. Cypress Creek Road, Suite 300
Fort Lauderdale, Florida  33305
Phone: 954-543-1325
Fax:     954-507-9975
tpatti@thomasjohnlaw.com